1 F.3d 1233
 26 Fed.R.Serv.3d 445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HEAVY MACHINES, INCORPORATED, a Tennessee corporation,
Plaintiff-Appellee,
v.
PBS COALS, INCORPORATED, a Pennsylvania corporation; James
Coal Company, a West Virginia corporation; River Ridge Coal
Company, Incorporated, a West Virginia Corporation; and
Peres Processing, Incorporated, a West Virginia corporation,
Defendants- Appellants.
 No. 92-2316.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 16, 1993.
Decided: July 29, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Martin R. Smith, Jr., Joanna I. Tabit, STEPTOE & JOHNSON, Vincent Barbera, BARBERA & BARBERA, for Appellants.
 P. Michael Pleska, Cynthia L. Wilson, BOWLES, RICE, MCDAVID, GRAFF & LOVE, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINS and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 PBS Coals, Inc. ("PBS"), James Coal Company ("James"), River Ridge Coal Company, Inc. ("River Ridge"), and Peres Processing, Inc. ("Peres")[1] appeal the district court's order denying their motion to set aside a default judgment pursuant to Fed. R. Civ. P. 60(b). Because we conclude that the district court did not abuse its discretion, we affirm.
 
 I.
 
 2
 On August 16, 1991, Heavy Machines, Inc. ("HMI") filed suit against PBS, James, River Ridge, and Peres to recover damages for a breach of contract relating to the purchase, rental, and servicing of various types of mining equipment. All Defendants were properly served pursuant to Fed. R. Civ. P. 4(c)(2)(C).[2] Because none of the Defendants responded within thirty days after service, HMI moved for an entry of default. After entering their default, the clerk sent notice of the default to Defendants by certified mail. On November 18, 1991, after no response from Defendants, the court granted HMI's motion for a default judgment.
 
 
 3
 On December 31, 1991, Defendants moved, pursuant to Fed. R. Civ. P. 60(b), to set aside the default judgment, alleging that they failed to answer the complaint because of excusable neglect. Defendants alleged that their registered agent, Ralph Woods,[3] ignored the complaint because he assumed that it was part of a state action between the same parties that had been resolved.[4] On appeal,[45] Defendants argue that the district court abused its discretion in denying their motion. We disagree.
 
 II.
 
 4
 Fed. R. Civ. P. 60(b)(1) allows district courts to relieve parties of final judgments upon a showing of mistake inadvertence, surprise, or excusable neglect. Relief pursuant to Rule 60(b) is within the discretion of the district court and will not be disturbed absent a showing of an abuse of discretion. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).
 
 
 5
 The district court did not abuse its discretion. After properly determining that Defendants, as opposed to counsel, were responsible for the neglect, see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988), the court found that Woods should have been aware that the summons and complaint involved a matter separate from the issue already resolved in state court. Initially, we note that a party must do more than assert neglect to justify relief. Id. Thus, we agree that Defendants cannot escape responsibility by simply relying on Woods's mistakes. See Park Corp., 812 F.2d at 897 ("lost" mail is not excusable neglect). Moreover, we agree with the district court's observation that Defendants did not utilize adequate internal measures to avoid this simple problem. Finally, we do not accept Defendants' contention that the state court suit caused understandable confusion by Woods-the problem in this case was caused by Woods's failure to read the legal papers, not the time frame of the two lawsuits.
 
 
 6
 Given that the fault squarely rests with Defendants (and not counsel) and that there is no excusable neglect (or other applicable Rule 60(b) ground for relief), the district court was well within its discretion in denying Defendants' motion to set aside the default.[6]
 
 
 7
 For the foregoing reasons, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 The companies operate a coal mine in Wharncliffe, Mingo County, West Virginia
 
 
 [2]
 The Secretary of State sent Ralph Woods, as the named agent for James, the summons and complaint. Service of process was also mailed to the same address for PBS. Two copies of the summons and complaint were mailed by certified mail to James Simkins in West Virginia, as agent for Peres and River Ridge. Furthermore, the clerk's office received return receipt cards, signed by agents for each of the Defendants
 
 
 [3]
 Woods was vice president of finance with PBS and president of James, River Ridge and Peres. In addition, Woods was vice president of Mincorp, Inc., which, directly or indirectly, owns the four Defendant companies
 
 
 [4]
 The state court dispute involved rental payments, allegedly in arrears, for an endloader. Pursuant to the terms of a rental agreement, HMI repossessed the endloader and filed suit in the Circuit Court of Mingo County, West Virginia against Peres for damages. After entering into a settlement agreement, HMI returned the endloader to Peres
 
 
 [5]
 We granted the parties' Joint Motion to Submit the Case on the Briefs
 
 
 [6]
 Because we find no excusable neglect, we do not address Defendants' arguments regarding the other predicates for Rule 60(b) relief in these circumstances. See Augusta Fiberglass, 843 F.2d at 811